ERSKINE & Co. *vs.* DUFFY.

COMPLAINT, FROM CITY COURT OF ATLANTA. Practice in Supreme Court. New Trial. Charge of Court. Contracts. Newly Discovered Evidence. (Before Judge Clarke.)

Hall, J.—1.  A bill of exceptions to a judgment granting or refus-ing a new trial will not be dismised on motion of defendant in error because it fails specifically to set forth the errors alleged to exist in said judgment.   The writ of error will not be dismissed for this reason, and the party deprived of a hearing, at least as to the general grounds usually relied on to obtain a new trial or such as set out newly discov-ered evidence which might or should produce a different result on an-other trial.   The motion and brief of evidence are parts of the record, and need not be set out in the bill of exceptions except by reference. Code, §4253.

2.  If the grounds of the motion plainly specify both the decisions complained of and the error alleged to exist therein, under §4251, of the Code, this court would be bound to hear it under a general exception to the judgment granting or refusing the new trial; but, if deficient in either of these particulars, this court would not, under such general exception, determine it, at least as to the particular point so com-plained of.

(a)  The sixth ground of the motion in this case complains of a charge given by the court, but does not specifically set forth what is the error alleged to exist therein, and cannot therefore, be considered.

(b)  The charge complained of appears to have been warranted by the evidence.

3.  The evidence was conflicting; the presiding judge was satisfied with the verdict, and this court cannot say that he abused his discretion in allowing it to stand.

4. It is not clear that the jury disregarded that portion of the charge of the court in which he construed a letter from plaintiff to defendants in which occurred the expression, "Place the $700" (sent with the letter) "on interest," and instructed the jury that the legal effect of this letter was to give the defendants general authority to place the money mentioned for the plaintiff in the hands of some person who would pay him interest therefor. At all events, the charge itself was too broad, and was not sufficiently qualified or guarded in its terms. Under the facts in evidence, this was an ambiguous expression, the meaning of which should have been left to the jury.

(a) For the court to treat as an instrument embodying the terms of the contract, and to construe in such a manner as to bind the jury every expression found in a correspondence relating to the conduct of the business in pursuance of the contract, does not seem to be in accordance with the provisions of the Code conferring the power and making it the duty of the court to construe contracts and other provisions qualifying and restricting this power. 71 Ga., 450 and cit.; 2 Whart. Contr., 450.

5. Newly discovered evidence, which is merely cumulative and tends only to show admissions made in a casual conversation between the plaintiff and a witness, will not require a new trial, especially where the statements thus proposed to be proved were directly denied by the counter-affidavit of the other party to the conversation, and where the integrity of the affiant was assailed. Code, §3792.

(a) As a ground for a new trial, the discovery of new testimony is tolerated rather than favored, because of its liability to abuse and its tendency, as a general rule, to mislead.

Judgment affirmed.

Mynatt & Howell, for plaintiff in error.

King & Spalding, for defendant.